## Haworth et al. *versus* Wallace and Lyon.

1. On the trial of a *scire facias* on a mechanic's lien filed against the owner and two contractors, it is not competent for the owner and one of the contractors to release the other contractor from liability for costs, and render him a competent witness for the defence.

2. Buildings erected by a lessee for years, on the ground leased to him, are not subject to a mechanic's lien.

ERROR to the District Court of *Allegheny county*.

This was a *scire facias* on a mechanic's lien filed by Wallace and Lyon, against Haworth, owner, and McCutcheon and Griffith, contractors, for work and materials, &c. The erection of the buildings was commenced in the early part of the year 1848. The defendants pleaded that plaintiffs contracted to take other security for payment, and that the said reputed owner, Jehu Haworth, had, at the commencement of said buildings, and now has only a leasehold interest in the ground on which said buildings are erected,

[Haworth et al. *v.* Wallace and Lyon.]

and which will expire on the 1st of September, 1858. The case was tried before HEPBURN, J.

To support the issue on their part:—"The defendants, Haworth and McCutcheon, offered to release the other defendant, Griffith, from all costs, and offered him as a witness. The owner also offered to release the witness from all costs and every claim for damages which he may have against the witness as one of the contractors, for omitting or for failure to comply with his contract in the erection of the buildings in controversy." Objected to; the court sustained the objection and rejected the witness. Defendants' counsel excepted.

It was admitted that Jehu Haworth, the reputed owner, leased the premises on which the buildings, described in the lien, are erected, from William H. Denny, attorney in fact of St. Clair Denny, by an agreement dated December 1, 1847, for the term of thirteen years, from the 1st of September, 1845, which agreement contains this clause: "Said Haworth to be entitled to the improvements at the end of the lease, unless paid for by the said Denny;" and it was not denied that the said Haworth entered into possession of the premises under said agreement, and contracted with said McCutcheon & Griffith to build the houses described in the lien, and furnish the material for the same, for which they have been fully paid.

His Honor, Judge HEPBURN, charged the jury as follows:

The defendants contend that inasmuch as Haworth, the reputed owner, was but a lessee of these premises, and had but eight years of his time yet remaining—that a mechanic's lien could not be entered against the property. His interest, say they, is but a chattel, and not the subject of a lien. But the act of April 28, 1840, sec. 24, settles the matter otherwise. The lien filed affects the interest of the tenant only, but it binds his interest, and on a judgment obtained on this lien the interest of the tenant may be sold. The defence set up has entirely failed, and your verdict should be for the plaintiffs for the amount of their claim, deducting such payments as the parties have agreed upon. To this charge defendants excepted.

It was assigned for error, that the court erred,

1st. In rejecting the witness "Griffith," under the circumstances.

2d. In charging the jury that the leasehold interest of Jehu Haworth, the reputed owner in the premises, was bound by the lien in this case.

3d. In charging the jury that the buildings in this case were subject to the lien.

The case was argued by *Geyer*, for plaintiffs in error; and by *Marshall*, for defendants in error.

[Haworth et al. *v.* Wallace and Lyon.]

The opinion of the court was delivered by

GIBSON, C. J.—The defendants had not power to release their co-defendant from liability to the plaintiffs for the costs: an interest in the event, which disqualified him as a witness for them.

The other exception is better taken. The decision in Church *v.* Griffith, and White's Appeal, is in point, that a chattel real is not the subject of a mechanic's lien; and unless the meaning of the legislature was grossly perverted in those cases, they ought not to be overturned for any speculative error of construction. Except by the registry of a mortgage, a chattel real had not been the subject of a record lien; and the statute does not expressly make it so. It declares that a mechanic's lien " shall not be construed to extend to any other or greater estate in the ground, on which any building may be erected, than that of the person in possession, at the time of commencing the said building, and at whose instance the same is erected; nor shall any other or greater estate, than that above described, be sold by virtue of any execution, authorized or directed in the said act." It is thus expressly said, that no more than the estate of the tenant shall be bound; but it is not expressly said that it shall be bound at all events, and without regard to its quantity or quality, nor is it intimated by necessary implication. We are to consider the old law, the mischief, and the remedy. The old law subjected the reversion to the expense of improvements by the particular tenant, or the legal title to be sold for improvements, by a vendee; the mischief was the apparent injustice of it,—more apparent than real;—and the remedy was, to subject only the estate of the particular or the equitable tenant to execution. The object of it was to abridge the lien, not to extend it; to modify an existing lien, not to create a new one. Now it is a rule, that a statute is to be interpreted, as near as may be, to the common law; and consequently, that the remedy is not to be pushed beyond the immediate mischief. The legislature knew that a chattel real had not been a subject of record lien; and had there been a design to make it so, it surely would have been expressed. It was probably thought that such a lien would not be an available security, especially when fastened on the interest of a tenant at sufferance, or at will. A lessee seldom erects any thing more valuable than a temporary or removable building, as an appurtenance to his mansion, his manufactory, or his warehouse; and it would be so worthless, as a separate tenement, that a purchaser of it would scarce know what to do with it. In the usual course, the term would expire before he could get possession of it. In possession, he would be debtor for the rent, and he would have nothing for his money but the use of the improvements detached from the business they were intended to subserve. Should the legislature, however, think that such a lien would be worth the trouble of enforcing it, it will be easy for them to say so. In the mean time,

[Haworth et al. *v.* Wallace and Lyon.]

let us not produce a conflict of decision for a doubtful interpretation.   The judgment in McClelland *v.* Herron, 4 *Barr* 67, did not produce it, for no more was ruled than that a levy and sale of a term did not pass the fee.   In the present case, there was no lien to remove.

Judgment reversed.